1
2
3
4
5
6
7
8
9                      UNITED STATES DISTRICT COURT

10                    EASTERN DISTRICT OF CALIFORNIA

11

12    JENNIFER A. BAXTER,                    No.  2:19-cv-01532-JAM-CKD

13                   Plaintiff,

14       v.                                  **ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE**

15    THOR MOTOR COACH, INC.;
      DEMARTINI RV SALES; and DOES
16    1-20,

17                   Defendants.

18

19        This matter is before the Court on Defendant Thor Motor

20    Coach, Inc.'s ("Defendant") Motion to Change Venue.  Mot., ECF

21    No. 9.  Plaintiff Jennifer Baxter ("Plaintiff") filed an

22    opposition, ECF No. 16, to which Defendant replied, ECF No. 19.

23    After consideration of the parties' briefing on the motion and

24    relevant legal authority, the Court GRANTS Defendant's Motion to

25    Change Venue.[1]

26

27    _____
      [1] This motion was determined to be suitable for decision without
      oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28    for April 7, 2020.

1

1                         I.   BACKGROUND

2       Plaintiff purchased a 2018 Thor Aria 3901 motor home from

3  DeMartini RV Sales on June 14, 2017.  First Amended Complaint

4  ("FAC"), ECF No. 15, ¶ 4.  With the purchase, Plaintiff received

5  an express limited warranty from Defendant and an implied

6  warranty of merchantability.  FAC ¶ 5.  Plaintiff alleges that

7  during the warranty period, Defendant failed to repair defects in

8  the motor home.  Id. at ¶ 6.  These defects allegedly existed

9  when Defendant sold Plaintiff the motor home.  Id. at ¶ 7.

10  Defendant then refused to reimburse Plaintiff or replace the

11  defective motor home.  Id. at ¶ 9.

12       On July 12, 2019, Plaintiff filed suit against Defendant in

13  Nevada County Superior Court for violations of the Song Beverly

14  and Magnuson-Moss Consumer Warranty Acts.  See Notice of Removal,

15  ECF No. 1.  The case was removed to this Court on August 9, 2019.

16  Id.  Defendant now moves for the Court to change the venue of

17  this case from the Eastern District of California to the Northern

18  District of Indiana based on a forum-selection clause in the

19  warranty that accompanied the motor home purchased by Plaintiff.

20  Mot. at 4-7.  Plaintiff opposes, arguing she was given no notice

21  of the clause prior to purchasing the motor home.  Opp'n at 5-8.

22                         II.   OPINION

23       A.   Legal Standard

24       "For the convenience of parties and witnesses, in the

25  interest of justice, a district court may transfer any civil

26  action to any other district or division where it might have

27  been brought or to any district or division to which all parties

28  have consented."  28 U.S.C. § 1404(a).  Section 1404(a) seeks to

                              2

1 "prevent the waste of time, energy and money and to protect

2 litigants, witnesses and the public against unnecessary

3 inconvenience and expense[.]"  Van Dusen v. Barrack, 376 U.S.

4 612, 616 (1964) (internal quotation marks omitted).

5      In considering a motion to change venue, "[t]he presence of

6 a forum-selection clause . . . will be a significant factor that

7 figures centrally in the district court's calculus."  Stewart

8 Org. v. Ricoh Corp., 487 U.S. 22, 20 (1988) (quoting Van Dusen,

9 376 U.S. at 622).  A valid forum-selection clause constitutes

10 the parties' agreement as to the most appropriate forum.  Atl.

11 Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571

12 U.S. 49, 63 (2013).  Thus, the "court should ordinarily transfer

13 the case to the forum specified in that clause.  Only under

14 extraordinary circumstances unrelated to the convenience of the

15 parties should a § 1404(a) motion be denied."  Id.

16      The party seeking to defeat the forum-selection clause

17 bears the burden of demonstrating "that the transfer to the

18 forum for which the parties bargained is unwarranted."  Id.  To

19 defeat the clause, the party must "clearly show that enforcement

20 would be unreasonable and unjust."  M/S Bremen v. Zapata Off-

21 Shore Co., 407 U.S. 1, 15 (1972).  A forum selection clause may

22 be deemed unreasonable if: (1) the inclusion of the clause in

23 the agreement was the product of fraud or overreaching; (2) the

24 party wishing to repudiate the clause would effectively be

25 deprived of her day in court were the clause enforced; and

26 (3) enforcement would contravene a strong public policy of the

27 forum in which suit is brought.  Holland Am. Line, Inc. v.

28 Wartsila N. Am., Inc., 485 F.3d 450, 458 (9th Cir. 2007).

1    Accordingly, when presented with such an agreement, the

2  court must disregard plaintiff's choice of forum and the

3  parties' private interests.  Atl. Marine, 571 U.S. 49, 64.

4  Instead, it can only "consider arguments about public-interest

5  factors" and "those factors will rarely defeat a transfer

6  motion."  Id.  The party acting in violation of the forum-

7  selection clause bears the burden of showing that public-

8  interest factors "overwhelmingly disfavor a transfer."

9  Id. at 67.

10    B.    The Forum-Selection Clause

11    The forum-selection clause at issue is included in Thor

12  Motor Coach's Limited Warranty.  Mot. at 2.  The clause dictates

13  that courts within Indiana have "exclusive jurisdiction" to

14  decide disputes arising out of the sale of the motor home.  See

15  Limited Warranty, Ex. 1 to Opp'n, ECF No. 16-3, p. 14.  This

16  language indicates that any litigation over the motor home must

17  be initiated in Indiana.  Hunt Wesson Foods, Inc. v. Supreme Oil

18  Co., 817 F.2d 75, 77 (9th Cir. 1987) ("[I]n cases in which forum

19  selection clauses have been held to require litigation in a

20  particular court, the language of the clauses clearly required

21  exclusive jurisdiction.") (emphasis in original).  The mandatory

22  nature of the forum-selection clause is not in dispute.

23  Opp'n at 2.

24    Plaintiff contends the case should not be transferred for

25  two reasons.  First, Plaintiff argues the forum-selection clause

26  is invalid and unreasonable because Defendant failed to inform

27  Plaintiff of the existence of the forum-selection clause and

28  failed to make the clause available to Plaintiff prior to sale.

4

1  Opp'n at 5-9.  Second, Plaintiff contends enforcement of the

2  clause would contravene California public policy.  The Court is

3  not persuaded by either contention, as explained below.

4              1.   Validity

5       Plaintiff argues the forum-selection clause is invalid

6  because Defendant violated the Magnuson-Moss Warranty Act's

7  requirement that the terms of a written warranty be disclosed

8  and made available to the consumer prior to the sale of the

9  product.  15 U.S.C. § 2302(a)-(b).  The Act requires written

10 warranties to "fully and conspicuously disclose in simple and

11 readily understood language the terms and conditions of such

12 warranty."  15 U.S.C. § 2302(a).  This may require including

13 "[a] brief, general description of the legal remedies available

14 to the consumer." 15 U.S.C. § 2302(a)(9).  The Act further

15 requires that "the terms of any written warranty . . . be made

16 available to the consumer . . . prior to the sale of the product

17 to him."  15 U.S.C. § 2302(b)(1)(A).  Upon reviewing the facts

18 presented by the parties, the Court finds Defendant did not run

19 afoul of these provisions.

20      According to Plaintiff, on the day she purchased the motor

21 home, the salesperson at DeMartini RV Sales instructed her to

22 sign the Sales Contract.  Jennifer A. Baxter Declaration

23 ("Baxter Decl."), ECF No. 16-1, ¶ 4.  Plaintiff was also

24 instructed to sign the "Registration and Acknowledgment of

25 Receipt of Warranty and Product Information" ("Acknowledgment

26 Form").  Id. at ¶ 9.  Across the top of the Acknowledgment Form,

27 bolded and in all caps, it says, "Important: The Customer is

28 Required to Read this Document Before Signing it."

1    Acknowledgment Form, Ex. E to Motion, ECF No. 9-4.  The

2    Acknowledgment Form goes on to say, in relevant part: "You the

3    purchaser, should not submit this form until [] you have

4    received and reviewed the Limited Warranty and owner's manual

5    . . . ."; and "Before I purchased this vehicle, I received, read

6    and agreed to the terms and conditions of Thor Motor Coach's

7    1 page Limited Warranty, published within its Owner's Manual,

8    and the Chassis Limited Warranty."  Id.  Plaintiff asserts she

9    did not receive or review either warranty prior to signing the

10   Sales Contract or the Acknowledgment Form.  Baxter Decl. at

11   ¶ 10.

12       While Plaintiff may not have received or reviewed the

13   Limited Warranty prior to purchasing the motor home, having read

14   the Acknowledgment Form in full, she cannot claim she was

15   unaware of the Limited Warranty's existence.  Nor can she claim

16   not to have known that the Limited Warranty was located inside

17   the Owner's Manual.  The Acknowledgment Form repeatedly mentions

18   the Limited Warranty and directs the reader to where it can be

19   found.  See Authorization Form.  Moreover, the Acknowledgment

20   Form discourages the purchaser from signing it prior to

21   reviewing the Limited Warranty.  Id. ("You the purchaser, should

22   not submit this form until [] you have received and reviewed the

23   Limited Warranty . . . .").

24       Because the Acknowledgement Form notified Plaintiff of the

25   existence of the Limited Warranty, it was, in essence, "made

26   available to [her] . . . prior to the sale of the product

27   . . . ." See 15 U.S.C. § 2302(b)(1)(A).  A review of the Limited

28   Warranty reveals that it discloses "in simple and readily

1  understood language [its] terms and conditions . . . ,"

2  including "[a] brief, general description of the legal remedies

3  available to the consumer."  15 U.S.C. § 2302(a)(9); see Limited

4  Warranty, ECF No. 16-3.  Accordingly, the Limited Warranty does

5  not violate the Magnuson-Moss Warranty Act and the Court, thus,

6  declines to invalidate its forum-selection clause.  See Doe I v.

7  AOL LLC, 552 F.3d 1077, 1083 (9th Cir. 2009) ("[a] forum

8  selection clause is presumptively valid; the party seeking to

9  avoid a forum selection clause bears a 'heavy burden' to

10  establish a ground upon with [the court] will conclude the

11  clause is unenforceable.").

12              2.    Reasonableness

13      Plaintiff next argues the forum-selection clause is

14  unreasonable because the Acknowledgement Form is a contract of

15  adhesion which provided no notice of the clause and the parties

16  were in an unequal bargaining position.  See Opp'n at 7–8.  As

17  an initial matter, the fact that the clause was presented in a

18  contract of adhesion is insufficient to demonstrate that it is

19  unreasonable.  See Tompkins v. 23andMe, Inc., 840 F.3d 1016,

20  1029 (9th Cir. 2016).  Further, Plaintiff was made aware of the

21  existence of the Limited Warranty containing the forum-selection

22  clause when she signed the Acknowledgment Form.  Thus, for the

23  above-described reasons, Plaintiff received adequate notice.

24      The Court is not persuaded by Plaintiff's unsupported

25  argument that she found herself in an unequal bargaining

26  position.  See Opp'n at 8–9.  Forum-selection clauses are

27  enforceable even when the terms of the contract are not subject

28  to negotiation.  See, e.g., Carnival Cruise Lines, Inc., 499

1  U.S. at 593–94 (upholding a forum-selection clause pre-printed

2  in each passenger's cruise ticket contract).  In other words,

3  even where a purchaser allegedly has no bargaining power, a

4  forum-selection clause is not necessarily unreasonable.

5  Accordingly, the Court declines to find this forum-selection

6  clause unreasonable.

7                3.   Public Policy

8       Finally, Plaintiff argues that enforcement of the forum-

9  selection clause would run afoul of California's strong public

10  policy of consumer protection.  Plaintiff only points to the

11  existence of California's Song Beverly Consumer Warranty Act,

12  Civ. Code § 1790 et seq., as evidence of this.  See Opp'n at 9–

13  10.  However, "absent a total foreclosure of remedy in the

14  transferee forum, courts tether their policy analysis to the

15  forum selection clause itself, finding the forum selection

16  clause unreasonable only when it contravenes a policy

17  specifically related to venue."  Rowen v. Soundview Commc'ns,

18  Inc., Case No. 14-cv-05539, WL 899294 at *4 (N.D. Cal. 2015);

19  see, e.g., Jones v. GNC Franchising, Inc., 211 F.3d 495, 497–98

20  (9th Cir. 2000) (finding forum-selection clause invalid because

21  California policy at issue specifically provided that California

22  franchisees were entitled to a California venue for franchise

23  agreement suits).

24       Plaintiff's remedy will not be in any way foreclosed if

25  venue is transferred.  Defendant stipulates that Plaintiff may

26  pursue her recently added Song Beverly Act claim in Indiana.

27  Reply at 5.  And Plaintiff's reference to the Song Beverly Act

28  as "a landmark consumer protection statute intended to provide

1    remedial measures to consumers such as Plaintiff" is not enough.

2    Opp'n at 9.   Plaintiff has failed to identify a California

3    policy specifically related to venue.   Thus, transferring venue

4    to the Northern District of Indiana would not violate California

5    public policy.   See Hegwer v. Am. Hearing & Assocs., Case No.

6    11-cv-04942, WL 629145 at *3 (N.D. Cal. 2012) (rejecting

7    plaintiff's argument against transferring venue because

8    plaintiff failed to identify a specific California policy and

9    concluding that any such policy must be related to the forum-

10   selection clause itself given that no foreclosure of remedy

11   would exist in the transferee forum).

12       In sum, Plaintiff has not satisfied the "heavy burden" of

13   showing the forum-selection clause at issue to be unenforceable.

14   AOL LLC, 552 F.3d at 1083.   Accordingly, the forum-selection

15   clause applies in full force and the matter is transferred to

16   the Northern District of Indiana.

17                         III.   ORDER

18       For the reasons set forth above, the Court GRANTS

19   Defendant's Motion to Change Venue.

20       IT IS SO ORDERED.

21   Dated: April 20, 2020

22

23   _____
     JOHN A. MENDEZ,
     UNITED STATES DISTRICT JUDGE

24

25

26

27

28

                              9